## THE PEOPLE *a.* DONNELLY.

*Supreme Court, First District ; General Term, February,* 1855.

### EVIDENCE.—TESTIMONY OF CO-DEFENDANT.

Where two are jointly indicted, one is not admissible as witness, either for or against the other, until he has been first acquitted or convicted.

This rule is not on the ground of interest.

Where one co-defendant in an indictment had been examined on the trial, without being previously discharged from the record, a new trial was ordered.

Motion for a new trial.

The defendant, Donnelly, was indicted jointly with one Beales. On the trial, Beales was called by the prosecution, and admitted as a witness against Donnelly; but objected to, as incompetent. Donnelly was convicted, and thereupon moved for a new trial, on the ground of error, in the admission of Beales' testimony.

*J. B. Phillips*, for the motion.

*A. Oakey Hall, District Attorney*, opposed.

CLERKE, J.—It is well settled, and I believe never questioned in this State or in England, that where several persons are jointly indicted, one is not a competent witness either for or against the others, without being first acquitted or convicted, and it makes no difference whether the defendants plead jointly or separately. An accomplice, however, separately indicted, is competent. Whether there is any good

reason for this distinction, it is unnecessary to inquire on the present occasion.

Beales, although a joint defendant, was admitted as a witness against Donnelly in this case, without discharging him from the record.

The judgment should be reversed, and a new trial ordered.

MITCHELL, J.—In Rex vs. Rowland (1 *Ryan and Moody*, 401), the counsel for the crown moved to have an acquittal against two of the defendants, that he might use them as witnesses. It was treated as necessary and allowed, (and see the note there).

So a case is stated in *Cases Temp. Hardwicke*, 163, where on an information at the suit of the crown it was deemed necessary to enter a *nolle prosequi* against one of the defendants, upon examining him against the others.

Our own courts have decided, that one of the defendants in an indictment cannot be a witness for another. This cannot be upon the ground of interest; for there is no interest either way; and if it be because he is a party to the record, it applies, whether he be called for the people or his co-defendant.

Judgment should be reversed, and new trial ordered.